UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDS FOR FREEDOM<br>401 Ryland Street, Suite 200-A<br>Reno, NV<br><br>      Plaintiff,<br><br>v.<br><br>U.S Department of Labor<br>500 C St NW, Ste. 600<br>Washington, D.C. 20001<br><br>      Defendant. | Civil Case No. 1:23-cv-3608 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COMES Plaintiff, Feds For Freedom ("Plaintiff" or "F4F"), and states the following:

INTRODUCTION

1. Feds for Freedom brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the U.S. Department of Labor ("DOL") timely to respond or provide any documents in response to Plaintiff's request for records regarding the Privacy Impact Assessment (PIA) and Federal Information Security Modernization Act of 2014 (FISMA) findings and analysis relating to the COVID Pandemic and the Agency's various vaccine tracking protocols, processes, systems, and results.

2. DOL is an agency of the federal government and oversaw its various vaccine tracking protocols, processes, systems, and results.

3. DOL and its officers are tasked with administering its role in a way that is fair and transparent.

1

4. Plaintiff, Feds for Freedom, seeks disclosure of records documenting the dates and processes when the PIAs and FISMA were submitted for approval and completed related to the establishment of records for the VaxTrak vaccination attestation portal and the modification or development of the eMed and the NAVIKA app, including various subtopics as listed in the FOIA request and covering the time period from January 1, 2020 to the date of the FOIA request, March 13, 2023.

5. Feds for Freedom seeks declaratory relief that DOL is in violation of FOIA for failing to fulfill Plaintiff's request for records. Plaintiff also seeks injunctive relief ordering that DOL immediately and completely comply with Feds for Freedom's FOIA request. Further, Plaintiff seeks fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## JURISDICTION AND VENUE

6. This Court has both subject matter and personal jurisdiction over the parties and claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies with this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

7. Feds for Freedom is a nonprofit corporation incorporated in Nevada and organized under section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Reno, Nevada.

8. DOL is an independent agency of the United States Government. DOL is charged with coordinating and supervising all agencies and functions of the US government directly related to the working conditions of the Nation's employees, especially those employees working for the Agency itself. The DOL is headquartered in Washington, D.C., and its principal office is located at 500 C Street NW, Ste. 600.

## STATEMENT OF FACTS

9. DOL's purpose is "to foster, promote and develop the welfare of working people, to improve their working conditions, and to enhance their opportunities for profitable employment."

10. Julie A. Su is the current Acting Secretary of DOL, has served as its Acting Secretary since March 11, 2023, and has served as the Deputy Secretary of Labor since July 13, 2021.

11. Feds for Freedom is a non-profit organization interested in government ethics and transparency, particularly in connection with the COVID-19 Pandemic.  Feds for Freedom sought to review correspondence and other records between the Secretary's advisors and other government agents, employees, and staff, as well as federal contractors and others, in connection with compliance conducted on databases that the Agency used to track and report on compliance with the COVID-19 vaccine mandate.

12. The Freedom of Information ACT ("FOIA"), 5 U.S.C. § 552, requires federal agencies to release requested public records unless a statutory exemption applies.

13.  An agency has twenty (20) business days to respond to a request, including a notification to the requesting party of the agency's determination of whether to fulfil the request and the requester's right to appeal the agency's determination. 5 U.S.C. 552(a)(6)(A)(i).

14.  An agency may delay its response only in "unusual circumstances" by notifying the requesting party of the unusual circumstances and identifying a date when "a determination is expected." Id. "No such notice shall specify a date that would result in an extension of more than ten working days […]" Id.

15.  Mrs. Angela Menges, representing Feds for Freedom as a member and agent, sent a FOIA request dated March 13, 2023 (the "Request"), to DOL requesting *inter alia*, "all documents and records" that could illustrate and provide details related to the efforts conducted

on multiple databases to track compliance with the COVID-19 vaccination mandate. Additionally, Feds for Freedom requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). (A copy of the March 13, 2023 FOIA request submitted on the DOL's online portal for this purpose is attached hereto as "**Exhibit A**" and incorporated herein by this reference).

16. The DOL received the Request on March 13, 2023, and issued a Confirmation ID of 2023-F-06145 as a Receipt of the request. (A copy of the Receipt is attached hereto as "**Exhibit B**" and is incorporated herein by this reference.)

17. On April 6, 2023, 18 working days after the FOIA request in question, Candy March of the Office of the Assistant Secretary for Administration and Management (OASAM) asked Mrs. Menges to provide "proof of her affiliation and authority to act for Feds for Freedom regarding this FOIA". (A copy of the April 6, 2023 email is attached as "**Exhibit C**" and incorporated herein by this reference).

18. On April 9, 2023, the 20th and final working day for the Agency to provide a proper response per the FOIA, Feds for Freedom Vice President, James Erdman, responded to Ms. March to provide that proof. (A copy of the April 9, 2023, email is attached as "**Exhibit D**" and incorporated herein by this reference).

19. On April 18, 2023, 6 days after the Agency's deadline per FOIA to respond with records and an estimate of fees, Ms. March sent a response to Mr. Erdman demanding further material to "show how Feds for Freedom could demonstrate the public benefit of its FOIA request." This was the first time Ms. March identified her question as regarding Feds for Freedom's fee waiver. (A copy of the April 18, 2023, email is attached as "**Exhibit E**" and incorporated herein by this reference).

20. On April 24, 2023, 30 working days after the March 13 FOIA date, Mr. Erdman of Feds for Freedom responded to Ms. March directing her to where, specifically, she could find

on Feds for Freedom's website the evidence of how Feds for Freedom benefits the Public—and further explained that Feds for Freedom's website was undergoing updating and how Ms. March could avail herself of the updated information for further demonstration of the benefits to the Public. (A copy of the April 24, 2023, email is attached as "**Exhibit F**" and incorporated herein by this reference).

21. On April 27, 2023, 33 working days after FOIA deadline, Ms. March wrote Feds for Freedom demanding, "proof of dissemination to the Public of Feds for Freedom's FOIAs and their results." The same day, Mr. Erdman responded to Ms. March regarding how and where Feds for Freedom disseminates such information to the Public. (Copies of the April 27, 2023, emails are attached as "**Exhibit G**" and incorporated herein by this reference).

22. On August 9, 2023, 104 working days after the FOIA date of March 13, 2023, Ms. March sent an email letter denying Feds for Freedom's Fee Waiver and informing Feds for Freedom she, "would administratively close your requests for fee-related reasons if we do not receive a response from you by August 18, 2023." She also mentioned Feds for Freedom's appeal rights. (A copy of the August 9, 2023, email is attached as "**Exhibit H**" and incorporated herein by this reference).

23. On August 16, 2023, two days before Ms. March's deadline of August 18 as communicated in her email of August 9, Jim Erdman of Feds for Freedom wrote Ms. March to object to her fee waiver denial and to appeal her decision. (A copy of the August 16, 2023, email is attached as "**Exhibit I**" and incorporated herein by this reference).

24. On August 18, 2023, attorney Ray Mitten for the Appeals Unit wrote to Mrs. Menges: "The law requires that appeals be sequenced for action on a first-in first-out basis [...] The number of appeals currently waiting for review is substantial […]" Mr. Mitten made no effort to describe the number of the alleged appeals as beyond what Congress envisioned for the DOL to be able to handle, "as the law requires." (A copy of the August 18, 2023, email is

5

attached as "**Exhibit J**" and incorporated herein by this reference).

25. On August 22, 2023, notwithstanding Feds for Freedom's August 16 timely response to her, Ms. March "administratively closed" the file, citing as her reason the lack of response to her August 9 letter and her August 18 deadline, which Feds for Freedom had met by its August 16 response. (A copy of the August 22, 2023, email is attached as "**Exhibit K**" and incorporated herein by this reference).

26. On August 23, 2023, Feds for Freedom, through Mrs. Angela Menges, attempted further clarification with Ms. March as to the status of her FOIA request. In response, Ms. March denied receiving a response to her August 9, 2023, email – stating the only correct response to her August 9 letter would have been to confirm Mrs. Menges "would assume all costs associated with the processing of FOIA 2023-F-06145." She then simply dismissed Mrs. Menges stating, "Your FOIA is now in the appeal process."

27. On the same day, Mrs. Menges received an email from Venela Marmolejos for the Agency stating that Feds for Freedom's appeal had been received but appeals were backlogged and "are processed in the order in which they are received. There are over 110 appeals [sic] and your appeal is number 106." (A copy of the two August 23, 2023, emails are attached as "**Exhibit L**" and incorporated herein by this reference).

28. Since the August 23, 2023, email there have been no further communications with the DOL or Ms. March. The Agency has not made any attempt to have the requestor limit its FOIA to assist the Agency in complying. The Agency has not agreed to comply with that portion of the FOIA request for which compliance was possible. The Agency has made no attempt to define any time period in which the requestor could expect to receive a response to its FOIA request.

29. DOL has failed to comply with the statutory deadline of twenty business days, as required by FOIA under 5 U.S.C. § 552(a)(6)(A). And, though no unusual circumstances

providing for a ten-day extension under 5 U.S.C. § 552(a)(6)(B) have been given, that deadline has now expired as well. Indeed, more than 170 working days have passed since Feds for Freedom filed the Request on March 13, and it has been more than 110 working days since Feds for Freedom's appeal of the Agency's decision on August 16, 2023, for which the Agency had only 20 business days to respond with appropriate justification for a further delay, which it has made no effort to give. No records have been produced, and the DOL has given no indication as to when all or any portion of the documents will be provided to Feds for Freedom.

30. Feds for Freedom has exhausted all administrative remedies and may proceed directly to this Court. See *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) (a requestor exhausts its remedies unless, within the relevant time period, the agency "inform[s] the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions"); Id. at 189 ("If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court."); see also 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

31. Feds for Freedom has a statutory right of access to the records it seeks, and there is no legal basis for DOL to withhold those documents.

32. To date, Feds for Freedom has not received any documents from DOL in response to its Request, nor has it received any of the statutorily required communications or notices from the DOL after the Receipt.

**COUNT I**
**(Failure to Produce Records Pursuant to FOIA)**

33. Feds for Freedom re-alleges and incorporates by reference all preceding paragraphs.

34. Feds for Freedom properly requested records in its March 13, 2023, request, and the requested records are within the DOL's custody and control.

35. Defendant DOL has failed to produce any of the records pursuant to the Request and has made no claim for a statutory exemption or extension.

36. Defendant DOL, in failing to produce the requested records, has violated FOIA's plain language. See 5 U.S.C. § 552(a)(3)(A); see also 5 U.S.C. § 552(a)(4)(B).

37. Feds for Freedom has exhausted all applicable administrative remedies with respect to the DOL's failure to respond to the Request.

38. Accordingly, Feds for Freedom is entitled to injunctive and declaratory relief with respect to the disclosure and release of the records pursuant to the Request.

39. Furthermore, a fee waiver for the request is appropriate pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Feds for Freedom, prays for the following relief:

1. A declaratory judgment that Defendant DOL has violated the Freedom of Information Act by failing to timely respond to the Request;

2. An Order from this Court that DOL is to process and release all records responsive to the Request immediately;

3. A preliminary and a permanent injunction enjoining Defendant DOL from withholding records responsive to the Request from Feds for Freedom;

4. A ruling that this Court retain jurisdiction of this action to ensure that the DOL properly and lawfully responds to the Request thus ensuring that no records are withheld;

5. A ruling that all fees associated with the document request are waived pursuant to

5 U.S.C. § 552(a)(4)(A)(iii);

      6. An award to Feds for Freedom of costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

      7. A grant of any and all other relief that the Court may deem just and proper.

Dated: December 5, 2023

                              Respectfully submitted,

                              <u>/s/ E. Scott Lloyd</u>
                              E. Scott Lloyd
                              Virginia Bar # 76989
                              DDC Bar ID # VA174
                              Lloyd, Lemmon, & Hale, PLLC
                              15 Chester Street
                              Front Royal, VA 22630
                              (540) 823-1110
                              (540) 631-4081
                              scott@lloydlemmonhale.com
                              *Counsel of Record*
                              *Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I do hereby certify that, on this 5th day of December, 2023, the foregoing Complaint was filed electronically with the Clerk of Court using the CM/ECF system. The following parties were served by USPS First Class Mail on December 5, 2023.

Jullie A. Su, Acting Secretary of Labor
U.S. Department of Labor
500 C St NW, Ste. 600
Washington, D.C. 20001

And

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Matthew M. Graves
United States Attorney for the District of Columbia
Civil Process Clerk
555 4th St. N.W.
Washington, D.C. 20530


/s/ E. Scott Lloyd
E. SCOTT LLOYD